# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ELMER BOYDSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1039 HEA (AGF) |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's application for writ of habeas corpus, as well as seven (7) supplements filed by petitioner in support of his petition. The documents presented to the Court by petitioner number over three hundred (300) pages, and contain a myriad of arguments, along with numerous "exhibits" purportedly supporting petitioner's claims for relief. Many of the documents filed by petitioner are handwritten and difficult to read.

The aforementioned filings are numerous and excessive and provide an unwieldy means of presenting petitioner's claims. Accordingly, the Court will order petitioner to amend his application for writ of habeas corpus on <u>one court-provided form.</u> This amended petition will supersede all previous filings before the Court.[1] In

---

[1] Both this Court's Local Rule 2.06(A) and Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts give this Court the authority

his amended petition, petitioner must set out, in a legible fashion, every ground under which he believes he is entitled to relief. Petitioner is discouraged from attaching to his amended petition the voluminous "exhibits" he has previously filed before the Court <u>unless</u> petitioner reasonably believes that particular exhibits are integral and supportive of the grounds for relief set forth in the amended petition. Petitioner will not be allowed to file additional or supplemental pleadings in support of his claims, although he will be provided the opportunity to file <u>one</u> reply brief in response to respondent's answer to the petition. Petitioner's failure to comply with this Court's Order will result in a dismissal of his application for writ of habeas corpus, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall forward to petitioner, with a copy of this Order, the court-provided form for filing a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (AO Form 241).

**IT IS FURTHER ORDERED** that no later than thirty (30) days from the date of this Order, petitioner must file an amended application for writ of habeas corpus on

---

to order petitioner to amend his petition by filing it on a court-provided form.

a court-provided form. The amended petition should comply with the specifications set forth above.

**IT IS FURTHER ORDERED** that petitioner's failure to comply with this Court's Order will result in a dismissal of his application for writ of habeas corpus, without prejudice.

**IT IS FURTHER ORDERED** that within forty-five (45) days of the filing of the amended petition, respondent shall show cause why the relief requested in the amended petition should not be granted. In accordance with Rule 5(b) of the Rules Governing § 2254 Cases, respondent's answer shall address the merits of all grounds for relief alleged in the petition. In addition, it must state whether any ground in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity or a statute of limitations.

**IT IS FURTHER ORDERED** that if petitioner chooses to file a reply to respondent's answer to the amended petition, the reply shall be filed within sixty (60) days of the date the answer to the amended petition is filed. If petitioner fails to file a timely reply, the right to file such a reply shall be waived.

Dated this 15th day of September, 2008.

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE